Joseph H. Harrington
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 09 2019

SEAN F. McAVOY, CLERK
_____, DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

          Plaintiff,

v.

RANDY COY JAMES HOLMES
(a/k/a "Randy Coy James"),

          Defendant.

2:18-CR-00134-SMJ

Plea Agreement

Plaintiff, United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, and Defendant Randy Coy James Holmes and the Defendant's counsel, Carl Oreskovich, agree to the following Plea Agreement:

    1)    <u>Guilty Plea and Maximum Statutory Penalties:</u>

The Defendant agrees to plead guilty to the sole count of the Indictment filed on August 7, 2018, charging the Defendant with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§922(g)(1), 924(a)(2). The Defendant, understands that the charge contained in the Indictment is a Class C felony. The Defendant also understands that the maximum statutory penalty for Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§922(g)(1), 924(a)(2), is: (1) not more than 10 years imprisonment; (2) a fine not to exceed

*United States v. Randy Coy James Holmes* - Plea Agreement - 1

$250,000; (3) a term of supervised release of not more than 3 years; and (4) a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2) <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement. The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

3) <u>Waiver of Constitutional Rights</u>:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a) The right to a jury trial;

    b) The right to see, hear and question the witnesses;

    c) The right to remain silent at trial;

*United States v. Randy Coy James Holmes* - Plea Agreement - 2

d) The right to testify at trial; and

e) The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4) Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§922(g)(1), 924(a)(2), the United States would have to prove beyond a reasonable doubt the following elements:

*First*, on or about August 7, 2017, within the Eastern District of Washington, the Defendant knowingly possessed a firearm and ammunition, to wit: a Ruger, .22 caliber pistol, bearing an obliterated serial number; two (2) rounds of Winchester .22 caliber ammunition bearing head stamp "REM"; and seven (7) rounds of Winchester .22 caliber ammunition bearing head stamp "SUPER X";

*Second*, the firearm and ammunition had been shipped or transported in interstate commerce; and

*Third*, at the time the Defendant possessed the firearm, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

5) Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

*United States v. Randy Coy James Holmes* - Plea Agreement - 3

On August 7, 2017, a Deputy Sheriff from the Grant County Sheriff's Office, observed a red pickup truck exiting the "College Apartments" located at 4278 Grape Dr. NE, in Moses Lake, Washington. The Deputy observed that the driver of the truck was not wearing a seatbelt. The Deputy initiated a traffic stop, and upon contacting the driver of the truck, learned that his license was suspended. The Deputy also observed that there were three other passengers located in the truck. The Defendant was identified as seated in the rear passenger side seat. Another passenger, Michael Guerra, was arrested pursuant to an arrest warrant. As the deputies had the remaining passengers exit the truck, the deputies observed a suspected firearm located behind the front passenger seat as well as a firearm partly protruding from the front of the front passenger seat.

Upon execution of a search warrant, the deputies located a .22 caliber Ruger pistol in the passenger side rear seat foot well, beneath the front passenger side seat. This firearm was within arms-length of the Defendant was seated. Upon observing the firearm it was determined the firearm had an obliterated serial number. The .22 caliber Ruger was loaded with two (2) rounds of .22 caliber Winchester ammunition bearing head stamp "REM" and seven (7) rounds of Winchester .22 caliber ammunition bearing head stamp "SUPER X." Subsequent fingerprint testing by the Washington State Patrol Crime Laboratory determined that a one friction ridge impression was developed on the firearm. The forensic scientist determined that the source of this impression was the Defendant.

A Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent conducted an interstate nexus examination of the firearm and ammunition and determined that the firearm and ammunition were manufactured outside the State of Washington. Therefore, it was the Special Agent's opinion that the firearm and ammunition travelled in interstate commerce.

A review of the Defendant's criminal history reveals that he has previously been convicted of a felony offense with a maximum term of imprisonment that

exceeded one year. Therefore, pursuant to this conviction, the Defendant is prohibited from possessing any firearm or ammunition.

6) <u>The United States Agrees Not to File Additional Charges</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement any time before sentencing.

7) <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a) <u>Base Offense Level</u>:

The United States and the Defendant agree that the base offense level for Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§922(g)(1), 924(a)(2) is 14. *See* USSG §2K2.1(a)(6).

b) <u>Specific Offense Characteristics</u>:

The parties agree and stipulate that the base offense is increased by an additional four (4) levels because the firearm had an obliterated serial number. *See* USSG §2K2.1(b)(4)(B).

The parties make no agreements regarding the application of any other specific offense characteristics. The parties are free to recommend or object to the application of any other specific offense characteristics.

c) <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit

any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than May 9, 2019, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

d) <u>Final Adjusted Offense Level</u>:

The parties make no agreement as to the final adjusted offense level.

e) <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

8) <u>Departures</u>:

The Defendant intends to request a downward departure from the sentencing guidelines. The United States reserves its right to oppose any downward departure.

9) <u>Incarceration</u>:

The United States agrees to recommend that the Court impose a sentence at the low-end of the applicable sentencing guideline range as determined by the Court. The Defendant many recommend any legal sentence he deems appropriate.

10) <u>Criminal Fine</u>:

The parties are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

11) <u>Supervised Release</u>:

The parties agree to recommend that the Court impose a three (3) year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

- a) that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs; and

- b) that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

12) <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. §3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13) <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14) <u>Judicial Forfeiture</u>:

The Defendant agrees to voluntarily forfeit any and all right, title and interest he has in the following listed assets in favor of the United States, including, but not limited to:

- two (2) rounds of Winchester .22 caliber ammunition bearing head stamp "REM:, and,

- seven (7) rounds of Winchester .22 caliber ammunition bearing head stamp "SUPER X".

Defendant agrees that the ammunition covered by this agreement are subject to forfeiture as property facilitating or involved in illegal conduct in violation of 18

U.S.C. §§ 922(g)(1), 924(a)(2), Felon in Possession of Firearm and Ammunition, and are therefore forfeitable to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset(s) covered by this agreement. Defendant consents to the forfeiture and disposal of assets without further notice.

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

15) <u>Additional Violations of Law Can Void Plea Agreement</u>:

The parties agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

16) <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order. Defendant further expressly waives his right to file any post-

conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. §2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

17) <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
United States Attorney

_____ B. Seal for P. Cashman     5-9-19
Patrick J. Cashman                                        Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

*Randy Holmes*                5-9-19
Randy Coy James Holmes      Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

*[signature]*             5-9-19
Carl Oreskovich  Andrew Wagley     Date
Attorney for the Defendant #SCC07 Ed