William D. Hyslop
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RANDY COY JAMES HOLMES,<br><br>Defendant. | 2:18-CR-00134-SMJ<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum.

The United States submits that a sentence of 37 months, followed by a three year term of supervised release is a fair and just sentence that is no greater than necessary to meet the principles of federal sentencing.

I.      Base Offense Level & Enhancements

The United States concurs with the United States Probation Office's ("USPO") calculation of a base offense level of 14, pursuant to United States Sentencing Guideline ("USSG") §2A2.1(a)(6)(A).

United States' Sentencing Memorandum - 1

The United States further agrees that the Defendant is subject to a four (4) level enhancement because the firearm possessed had an obliterated serial number. *See* USSG §2A2.1(b)(4)(B).

The United States agrees that the Defendant maintains a Criminal History Category V. Accordingly the United States agrees that the Defendant's advisory guideline range is thirty-seven (37) to forty-six (46) months.

## II. Departures

The United States does not request an upward departure in this case. The United States intends to object to a downward departure or variance requested by the Defendant.

## III. 18 U.S.C. § 3553(a)

A sentence of 37 months, followed by a 3 year term of supervised release is a fair and sufficient sentence that is no greater than necessary to meet the principles of federal sentencing. The Defendant is a documented gang member that has repeatedly violated the law. In this case, the Defendant possessed a firearm illegally. The firearm had an obliterated serial number. The possession of a firearm with an obliterated serial number heightens the criminality involved. A firearm with an obliterated serial number is often an indication that other crimes were involved, for example the firearm being stolen. In the present case, the firearm was previously reported stolen. Obliterated serial numbers hamper investigators ability to track firearms that are stolen or used in violent offenses such as assaults and homicides. *See United States v. Romero-Martinez*, 443 F.3d 1185, 1188 (9th Cir. 2006), quoting *United States v. Carter*, 421 F.3d 909 (9th Cir. 2005). As noted in *Romero-Martinez*, "the purpose of the enhancement is 'to discourage the use of untraceable weaponry.'" *Id.* Because of this heightened risk, the Sentencing Commission developed a specific offense characteristic to address this directly. Such characteristic is applicable in this case. A sentence of 37 months is appropriate to accurately reflect the significance of

the crime, the illegal possession of a firearm, and the fact that the firearm was stolen and had an obliterated serial number.

Furthermore, the characteristics and criminal history of the Defendant warrants a sentence of 37 months. The Defendant is twenty-two (22) years old. Yet in that short time frame he has engaged in criminal acts ranging from minor misdemeanors to felonies. The sentence imposed by the Court should reflect the continued decisions by the Defendant to engage in criminal acts and disrespect the law. The Defendant has previously served time in state prison. He has previously been sentence to a term of probation and community supervision. All of the steps taken by the state criminal justice system have been unsuccessful in causing the Defendant to change his behavior.

The Court should sentence the Defendant to 37 months to ensure the Defendant understands the significance of his decision to continue to engage in criminal acts such as possessing a firearm. The Court should also sentence the Defendant to a three year term of supervision to ensure that the Defendant does not fall back into past negative behaviors and associations with known gang members. The Defendant indicated to the United States Probation Officer that he wanted to change his life style. This is the Defendant's opportunity to prove that he has the desire and will power to make the changes in his lifestyle to ensure he becomes a productive member of society.

A 37 month sentence is a sufficient sentence to promote respect for the law and deterrence. A sentence of 37 months is also in conformity with the need to avoid unwarranted sentencing disparities. A review of the Defendant's PSIR does not show a sufficient basis warranting a departure or variance from the guidelines.

//
//
//
//

United States' Sentencing Memorandum - 3

## IV. Conclusion

The United States submits a sentence of 37 months, followed by a 3-year term of supervision is a fair and just sentence and no greater than necessary when considering the factors in 18 U.S.C. § 3553(a).

Dated: July 19, 2019.

                                              William D. Hyslop
                                              United States Attorney

                                              *s/ Patrick J. Cashman*
                                              Patrick J. Cashman
                                              Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carl Oreskovich: carl@ettermcmahon.com

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

United States' Sentencing Memorandum - 5